COPE, J.
Westchester General Hospital, Inc., and Preferred Medical Plan, Inc., have petitioned for a writ of certiorari, seeking to quash a discovery order. We deny the petition.
The plaintiffs in this medical malpractice case sued Preferred Medical Plan, Inc., their health maintenance organization (HMO), and Westchester General Hospital, Inc., contending that (among other things) the HMO and Hospital were vicariously liable for the acts of the treating physician. The treating physician was uninsured but the HMO and Hospital both say they are amply insured.
One of the areas that the plaintiffs wish to inquire into is whether information which is known to the HMO is also known to the Hospital, and vice versa. Plainly there is a close relationship between the two entities. The plaintiffs took the deposition of Silvia Urlich, who has served as president of Westchester Hospital since 1966 and chairperson of Preferred Medical Plan since 1972. Plaintiffs asked the obvious question whether the two entities were under common ownership. There was no objection to this area of inquiry. Ms. Ur-lich testified that the Hospital is owned by a family trust, but was not sure whether the HMO was owned by the trust or not. Ms. Urlich suggested that plaintiffs ask that question of the attorney who set up the trust and ownership structure, which was done many years ago.
After the deposition plaintiffs requested production of the trust documents which would set forth the ownership of the two entities. The trial judge overruled the defendants’ objections and directed them to “produce all trust documents reflecting ownership of Preferred Medical Plan and Westchester within 20 days of today’s date under [a] confidentiality agreement.” This petition followed.
The trial court’s ruling was within discretion and was not a departure from the essential requirements of law. The defendants have framed their objections in terms of relevancy. However, “[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Fla. R. Civ. P. 1.280(b)(1). The trial court certainly could conclude that the “reasonably calculated” standard was met. That is particularly so *840 in view of the defendants own advertising materials, which suggest to the public that the HMO and Hospital are parts of the same entity, or are affiliated entities.
Defendants argue that this is an impermissible request for personal financial information. The order does not require the production of financial statements or financial details. The point of the order is to require production of the trust documents reflecting the ownership structure. This may or may not include financial information, but if it does, there is a protective order preserving the confidentiality of that information.
Certiorari denied.